# EXHIBIT A
# (WITH REDACTIONS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re Flint Water Cases*
_____/

*Bellwether I Case No. 17-10164*
_____/  *The Hon. Judith E. Levy*

*E.S., a minor v. LAN, Inc., et al.*
*Case No. 17-11165*
_____/

**UNOPPOSED MOTION FOR APPROVAL**
**OF INFANT PLAINTIFF SETTLEMENT**

COMES NOW Infant Plaintiff E.S., pursuant to MCR 2.420 and FRCP 17(c), by and through his mother and legal guardian, D▮▮▮▮ W▮▮▮▮, and moves this Court to approve the Settlement reached between him and Defendants Lockwood Andrews & Newnam, Inc., Lockwood Andrews and Newnam, P.C., and Leo A. Daly (collectively "LAN"), and states as follows:

**BACKGROUND AND SETTLEMENT**

1. E.S. is a minor. Ex. 1, E.S. Birth Certificate.

2. D▮▮▮▮ W▮▮▮▮ is E.S.'s mother and natural guardian. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3. E.S. currently resides ▮▮▮▮▮▮▮▮

4. On August 5, 2016, D▓▓▓ W▓▓▓ retained Levy Konigsberg, LLP "to evaluate, investigate and prosecute any and all legal claims arising from the personal injuries of E.S. resulting from contaminated water in Flint, Michigan." Ex. 2, Contract of Representation.

5. On October 28, 2016, E.S. filed Case No. 16-106789 in the Circuit Court of Genessee County, Michigan, naming LAN as a defendant.

6. On November 1, 2016, the Hon. Richard B. Yuille appointed D▓▓▓ W▓▓▓ as E.S.'s Next Friend. Ex. 3, Appointment Order.

7. On April 13, 2017, E.S. filed Case No. 17-cv-11165 in the United States District Court, Eastern District of Michigan, naming LAN as a defendant.

8. The lawsuits arose out of certain alleged negligent acts or omissions by LAN between June 1, 2013, and October 31, 2016, and E.S., through D▓▓▓ W▓▓▓, has in both cases made a claim seeking monetary damages on account of personal, physical injuries arising out of alleged exposure to contaminated water received from the Flint Water Treatment Plant, between April 25, 2014 and October 31, 2016.

9. E.S.'s jury trial against LAN commenced on February 15, 2022, in the United States District Court, Eastern District of Michigan, and concluded in a hung jury on August 11, 2022.

2

10. After the trial, on November 1, 2022, E.S. through his court appointed Next Friend, D▓▓▓ W▓▓▓, and LAN, reached a Settlement agreement. Ex. 4, Proposed Settlement Agreement and Release.[1] *See also* Ex. 5, Description of E.S.'s Settlement; Ex. 6, Annuity Information.

## LEGAL AUTHORITY

11. MCR 2.420 governs the procedures required for a minor/infant settlement, and it states in pertinent part:

> (1) If the claim is for damages because of personal injury to the minor or legally incapacitated individual,
>
> > (a) the minor or legally incapacitated individual shall appear in court personally to allow the judge an opportunity to observe the nature of the injury unless, for good cause, the judge excuses the minor's or legally incapacitated individual's presence, and
> >
> > (b) the judge may require medical testimony, by deposition or in court, if not satisfied of the extent of the injury.

12. The comment to MCR 2.420 provides guidance in certain circumstances as to whether a settlement is in the minor's best interests. *See* Staff comment to MCR 2.420. To that end, the following factors are listed for consideration: age, life expectancy and current and anticipated financial needs of the

---

[1] The terms of the settlement are outlined in Ex. 4 and Ex. 5.

minor or individual, any income and estate tax implications, any impact on eligibility for government benefits, and the proposed payment arrangement's present value.[2]

13. If the settlement does not require payment of more than $5,000.00 to the minor in any single year, the money may be paid in accordance with the provisions of MCL 700.5102.

14. FRCP 17(c)(1) provides in pertinent part that a "general guardian" may "sue or defend on behalf of a minor."

15. FRCP (17)(c)(2) provides in pertinent part that a minor who does not have a representative "may sue by a next friend or by a guardian ad litem."

16. FRCP (17)(c)(2) also provides that for a minor who does not have a representative, "the court must appoint a guardian ad litem—**or issue another appropriate order**—to protect a minor or incompetent person who is unrepresented in an action." (Emphasis added.)

## FACTORS WARRANTING APPROVAL

17. During E.S.'s trial, the Court heard testimony regarding E.S.'s injuries.

18. Dr. Mira Krishnan testified, *inter alia*, that E.S. 

---

[2] *See* ¶¶ 20 – 24 below regarding pertinent factors.

███████████████████████████████████
████████████

████████████████████████████

19. As the Court observed throughout and at the conclusion of E.S.'s trial, there are no guarantees that another trial against LAN will provide any particular result; or one that is different than the result in his first trial; or one that includes a verdict against LAN; or one that includes a verdict against LAN equal to or better than what E.S. will receive from this Settlement.

20. Regarding the factors mentioned in ¶ 12 above (as articulated by the Staff comment to MCR 2.420), E.S. ████████████████████████
████████████████████████

21. Regarding the factors mentioned in ¶ 12 above (as articulated by the Staff comment to MCR 2.420), E.S. ████████████████████████

████████████████████████████████

████████████

22. Regarding the factors mentioned in ¶ 12 above (as articulated by the Staff comment to MCR 2.420), ████████████████████

████████████████████████████████

████████████████████████████████

████████████

23. Regarding the factors mentioned in ¶ 12 above (as articulated by the Staff comment to MCR 2.420), ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

24. Regarding the factors mentioned in ¶ 12 above (as articulated by the Staff comment to MCR 2.420), ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

25. As the Court is aware, E.S.'s trial included three additional infant plaintiffs.

26. Plaintiffs' counsel's expenses in preparation for, associated with, and throughout trial were ██████████████████████████████

█████████████████████████████████

27. Per the Contract of Representation, E.S. █████████████

███████████████████████████████████████

███████████████████████████████████████

6

28. Per the Contract of Representation, the undersigned counsel[3] was required to prosecute E.S.'s claims. *Id.*

29. Since the filing of his lawsuits, the undersigned counsel has done everything within their power to successfully prosecute E.S.'s claims against LAN.

30. While since his first lawsuit was filed the undersigned counsel began working on his case(s) with an eye toward trial, beginning in May 2020, they, and in particular the trial team[4] began preparing for trial in earnest.

31. By January 2021, the trial team was spending approximately ▨▨▨ percent ▨▨▨ of their time, individually and collectively, preparing for trial, ▨▨▨ ▨ days per week.

32. Additionally, other individuals associated with LK (not designated as part of the "trial team") also contributed significant time to the preparation of trial.

33. By October 2021, the trial team was spending approximately ▨▨▨ ▨▨▨ percent of their time, individually and collectively, preparing for trial, ▨▨▨ ▨▨▨ days per week.

---

[3] References herein to "undersigned counsel" are intended to include attorneys with Levy Konigsberg, LLP ("LK"), as well as others employed by LK in various capacities.

[4] References herein to "trial team" are intended to include individuals specifically assigned by LK or associated with LK who were designated to focus almost exclusively on the trial at all relevant times.

7

34. By December 2021, the trial team was spending approximately ▓▓▓▓ percent ▓▓▓▓ of their time, individually and collectively, preparing for trial, ▓▓▓▓▓▓ days per week.

35. Beginning on Sunday, February 13, 2022, those members of the trial team physically present during the trial began essentially living in Ann Arbor, Michigan.

36. The trial began on February 15, 2022.

37. While closing arguments concluded on July 21, 2022, for one hundred and seventy-eight days, between February 15 and August 11, 2022 (when a mistrial was declared), those members of the trial team physically present during the trial remained in Ann Arbor from Sundays through Thursdays, and on numerous occasions for entire weeks including weekends without returning to their homes.

38. Between February 15, 2022 and August 11, 2022, the trial team spent approximately ▓▓▓▓▓▓▓▓▓▓▓▓ hours working exclusively on the trial.

39. At trial, the trial team did everything possible to successfully prosecute E.S.'s claims against all trial defendants, including LAN.

40. Since the conclusion of his trial, the undersigned counsel has done everything possible to successfully prosecute E.S.'s claims against LAN.

41. Per the Contract of Representation and Michigan law, the undersigned counsel is seeking ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



## RELIEF REQUESTED

42. Having presided over the trial, the Court should excuse E.S.'s and D▇▇▇ W▇▇▇ presence at any hearings associated with this motion.

43. Having presided over the trial, the Court saw and heard firsthand that D▇▇▇ W▇▇ has E.S.'s best interests in mind in bringing and prosecuting E.S.'s claims.

44. While D▇▇▇ W▇▇ was previously appointed Next Friend in the Circuit Court of Genessee County, and while it may not be necessary, pursuant to FRCP 17(c)(2), the Court should exercise its power to "issue another appropriate order," and (re)appoint, appoint, or otherwise adopt the Circuit Court's appointment of D▇▇▇ W▇▇ as Next Friend for E.S., or appoint D▇▇▇ W▇▇ as Guardian for E.S. for purposes of the Settlement, to the extent such is or is perceived to be required by law.

45. Based on the foregoing, the Settlement is, and the Court should find it to be in E.S.'s best interests.

46. Based on the foregoing, the Court should approve the Settlement.

9

47. Based on the foregoing, and inclusive in its approval of the Settlement, the Court should approve ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████.

48. Based on the foregoing, and inclusive in its approval of the Settlement, the Court should approve ████████████████████████████████████████ ████████████████████████████████████████ ████████████████.

49. Per the agreement of the parties, all payments must be made consistent with the terms of the Settlement ████████████████, and the Court should order same.

## **CONCLUSION**

For the reasons articulated herein, the Court should approve the Settlement as described herein.

Respectfully submitted, this 9th day of December, 2022.

**LEVY KONIGSBERG, LLP**

/s/ COREY M. STERN
Corey M. Stern
605 Third Ave., 33rd Floor
New York, NY 10158
(212) 605-6298
cstern@levylaw.com

10

## CERTIFICATE OF SERVICE

I, Corey Stern, hereby certify that on December 9th, 2022, the foregoing pleading was served on all counsel of record, via the Eastern District of Michigan's ECF portal.

**LEVY KONIGSBERG, LLP**

/s/ COREY M. STERN
Corey M. Stern
605 3rd Avenue, 33rd Floor
New York, New York 10158
(212) 605-6298
cstern@levylaw.com